IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH KEPPOL, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE, | : | No. 12-5350 |
| Defendant. | : | |

MEMORANDUM

Schiller, J.                                                                                                January 25, 2012

Kenneth Keppol has sued State Farm Mutual Automobile Insurance ("State Farm") for its failure to pay benefits for his lost wages after an injury he sustained. Pending before the Court is State Farm's motion to dismiss Keppol's claims for bad faith, breach of duty of good faith and fair dealing, and breach of fiduciary duty. State Farm also seeks to dismiss Keppol's request for attorneys' fees for certain of his claims. For the reasons that follow, the Court grants the motion in part and denies it in part.

I.   BACKGROUND

On June 23, 2011, Keppol injured his back and leg when he pulled up on the door of a tractor-trailer that was insured by State Farm. (Notice of Removal Ex. A [Compl.] ¶¶ 3, 6.) Keppol was the policyholder and the insured under the State Farm policy, which provided for wage loss benefits, and he was out of work "for a considerable period of time" after the incident. (*Id.* ¶¶ 3, 8.) Keppol has submitted records and reports of the incident to State Farm in support of his claim for wage loss benefits. (*Id.* ¶ 14.) State Farm has failed to pay the wage loss benefits of up to $50,000, at a rate of $2500 per month, to which Keppol says he is entitled under the policy. (*Id.*; Pl.'s Answer

to Def.'s Mot. to Dismiss Ex. A [Confirmation of Coverage].) Keppol filed a Complaint against State Farm in state court asserting claims for declaratory judgment (Count I), bad faith (Count II), breach of duty of good faith and fair dealing (Count III), and breach of fiduciary duty (Count IV). State Farm, which removed the action to this Court, moves to dismiss Counts II, III, and IV, as well as Keppol's request for attorneys' fees associated with Counts I, III, and IV.

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "But a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d

224, 234 (3d Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id.*; *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a Rule 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can infer only the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id.*

When faced with a motion to dismiss for failure to state a claim, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

### III. DISCUSSION

#### A. Bad Faith

The Pennsylvania bad faith statute, 42 Pa. Cons. Stat. § 8371, provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.

3

       (3) Assess court costs and attorney fees against the insurer.

In the insurance context, bad faith includes "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (internal quotation marks omitted).

       To succeed on a claim for bad faith under § 8371, a plaintiff must demonstrate that the insurer did not have a reasonable basis for denying benefits and that the insurer knew or recklessly disregarded this lack of reasonable basis. *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 505 (3d Cir. 2004); *Terletsky*, 649 A.2d at 688. "[C]ourts have . . . determined several actions to constitute bad faith, including: (1) a frivolous or unfounded refusal to pay; (2) a failure to investigate into the facts; or (3) a failure to communicate with the insured." *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 140 (E.D. Pa. 2007); *see also Cohen v. Ohio Cas. Grp.*, Civ. A. No. 07-1620, 2009 WL 586123, at *4 (W.D. Pa. Mar. 6, 2009) (denying motion to dismiss claim for bad faith where plaintiff alleged that defendant acted in reckless disregard for plaintiff's rights and breached its duty of good faith and fair dealing in denying payment of certain benefits).

       Here, Keppol claims that he was entitled to coverage for lost wages and that, though he submitted documentation in support of his claim, State Farm has nevertheless refused to pay him benefits in bad faith. Keppol has thus stated facts supporting a bad faith claim for either an unfounded refusal to pay or a failure to investigate the facts. Taking the facts alleged in the light

most favorable to Keppol, State Farm had no reasonable basis for failing to pay benefits or investigate Keppol's claim and knew it had no reasonable basis for doing so. As a result, the Court will allow him to proceed to discovery on his claim for bad faith.

### B. Breach of Duty of Good Faith and Fair Dealing

"[I]n Pennsylvania, a contractual common law duty of good faith and fair dealing is implied in insurance agreements." *Benevento v. Life USA Holding, Inc.*, 61 F. Supp. 2d 407, 424 (E.D. Pa. 1999); *see Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1144 (Pa. Super. Ct. 2006). "The bad faith statute . . . does not preclude a claim for breach of the contractual obligation of good faith with the right to recover whatever common law contract damages may be appropriate." *Benevento*, 61 F. Supp. 2d at 425. "Under the duty of good faith and fair dealing, the insurer need only accord the interest of the insured the same faithful consideration it gave its own interest; the good faith standard requires that the evaluation of the case by the insurance company must be honest, intelligent and objective." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 227 (3d Cir. 2000) (citations omitted).

Keppol alleges that he and State Farm had entered into an insurance agreement at the time of his injury. Therefore, State Farm owed him a duty of good faith and fair dealing arising out of this contract. Based on the same facts set forth above, Keppol has alleged that he is entitled to lost wages benefits under the insurance agreement and that State Farm has in bad faith refused to pay them. He has thus stated a claim for breach of the duty of good faith and fair dealing.

### C. Breach of Fiduciary Duty

"Under Pennsylvania law, '[t]he mere fact that an insurer and an insured enter into an insurance contract does not automatically create a fiduciary relationship.'" *Belmont Holdings Corp.*

*v. Unicare Life & Health Ins. Co.*, Civ. A. No. 98-2365, 1999 WL 124389, at *4 (E.D. Pa. Feb. 5, 1999) (quoting *Conn. Indem. Co. v. Markman*, Civ. A. No. 93-799, 1993 WL 304056, at *5 (E.D. Pa. Aug. 6, 1993)). Indeed, "Pennsylvania law does not recognize a separate tort-law cause of action for breach of fiduciary duty against an insurer except . . . in those instances where the insurer assumes the responsibility to handle claims, control settlement or otherwise conduct litigation on behalf of the insured." *Millwood v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 08-1698, 2009 WL 291168, at *5 (W.D. Pa. Feb. 5, 2009) (citing *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 188 A.2d 320, 322 (Pa. 1963)); *see also Gedeon*, 188 A.2d at 322 ("[B]y asserting in the policy the right to handle all claims against the insured, . . . the insurer assumes a fiduciary position towards the insured . . . ."). In addition, Pennsylvania courts have dismissed claims for breach of fiduciary duty in the insurance context as duplicative of statutory bad faith claims. *See Belmont Holdings*, 1999 WL 124389, at *4; *Wood v. Allstate Ins. Co.*, Civ. A. No. 96-4574, 1996 WL 637832, at *2 (E.D. Pa. Nov. 4, 1996); *see also Greater N.Y. Mut. Ins. Co. v. N. River Ins. Co.*, 872 F. Supp. 1403, 1409 (E.D. Pa. 1995) ("The Pennsylvania Supreme Court treats the breach of contractual duty of good faith and breach of fiduciary duty synonymously in the context of insurance cases.").

Because Keppol's lawsuit against State Farm arises out of State Farm's refusal to pay benefits—and not out of an agreement by State Farm to conduct litigation on Keppol's behalf—Keppol cannot sustain a cause of action for breach of fiduciary duty against State Farm. Even if State Farm did owe Keppol a fiduciary duty, the Court dismisses the claim as duplicative of Keppol's claim for bad faith under § 8371.

**D.     Attorneys' Fees**

The Court rejects State Farm's motion to dismiss Keppol's request for attorneys' fees. Under certain circumstances, courts have awarded attorneys' fees in the insurance context for declaratory actions and breach of duty of good faith and fair dealing. *See, e.g.*, *Kiewit E. Co. v. L & R Constr. Co.*, 44 F.3d 1194, 1205-06 (3d Cir. 1995); *Gideon v. Nationwide Mut. Fire Ins. Co.*, Civ. A. No. 07-40, 2008 WL 768724, at *6 (W.D. Pa. Mar. 20, 2008); *Kelmo Enters., Inc. v. Commercial Union Ins. Co.*, 426 A.2d 680, 683-85 (Pa. Super. Ct. 1981). Therefore, it is premature to dismiss Keppol's request for attorneys' fees.

**IV.    CONCLUSION**

For the reasons set forth above, the Court grants State Farm's motion to dismiss the claim for breach of fiduciary duty, but denies the motion as to Keppol's claims for bad faith and breach of duty of good faith and fair dealing, and as to his request for attorneys' fees. An Order consistent with this Memorandum will be docketed separately.